## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 4:09-00085 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge Thomas M. Parker |
| | ) | |
| CLAUDIUS BOWEN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## OPINION AND ORDER

Claudius Bowen asks the Court to expunge his conviction for a federal drug crime.  (ECF No. 19.)  The United States opposes the motion and suggests that the Court lacks jurisdiction over the request.  (ECF No. 20.)  For the following reasons, the Court **DISMISSES** Mr. Bowen's request for lack of jurisdiction and, alternatively, **DECLINES** to exercise its discretion to expunge Mr. Bowen's conviction.

## STATEMENT OF FACTS

In 2010, Mr. Bowen pled guilty to one count of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).  (ECF No. 17.)  In the indictment to which Mr. Bowen pled guilty, the United States charged him with selling one kilogram of cocaine to a person in California for eventual distribution.  (ECF No. 1, PageID #2.)  He was sentenced to twenty-one months in prison, followed by three years of supervised release (ECF No. 16, PageID #60), which he has now served.  Mr. Bowen represents, and the United States does not dispute,

that since his release he has been a law-abiding citizen.  (ECF No. 19, PageID #78.)

Mr. Bowen seeks to expunge the record of his conviction (or drop the charge to a lesser

offense) because it has interfered with his ability to pursue certain career

opportunities in the film industry in which it appears Mr. Bowen has found some

success.  (ECF No. 17.)  Additionally, Mr. Bowen expresses concern that his record

will prevent him from attending his grandmother's funeral.  (*Id.*)

## ANALYSIS

Because the Court determines that it lacks jurisdiction over Mr. Bowen's

motion to expunge, the Court must deny it.  Even if no jurisdictional bar precluded

review, the Court determines that Mr. Bowen has not demonstrated extraordinary

circumstances warranting expungement.

## I.      Jurisdiction Over Motions to Expunge

Federal courts are courts of limited jurisdiction and may not expand their

jurisdictional authority beyond that which the Constitution and laws of the United

States grant.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)

(citations omitted).  A party seeking to expunge a conviction has the burden of

establishing a federal court's jurisdiction.  *Id.* (citing *McNutt v. General Motors

Acceptance Corp.*, 298 U.S. 178, 182–83 (1936)).

Absent a specifically statutory basis, a federal court may only consider

expungement through its ancillary jurisdiction over claims or incidental proceedings

relating to but technically separate from an underlying case or controversy over

which the court had subject-matter jurisdiction.  *United States v. Field*, 756 F.3d 911,

914 (6th Cir. 2014).  As relevant here, a court may assert ancillary jurisdiction over

2

a proceeding if doing so enables a court "to manage its proceedings, vindicate its authority, and effectuate its decrees." *Kokkonen*, 511 U.S. at 380; *see United States v. Smith*, No. 1:05-cr-286, 2010 WL 2802274, at *1 (W.D. Mich. July 15, 2010).

Under the law of this Circuit, there is some question whether a district court has ancillary jurisdiction over expungement motions. In *United States v. Lucido*, 612 F.3d 871, 876 (6th Cir. 2010) (2-1 decision), the panel majority held that federal courts lack ancillary jurisdiction to consider such motions based on its interpretation of *Kokkonen*. In so concluding, the majority "modified" a prior Sixth Circuit decision, *United States v. Doe*, 556 F.2d 391 (6th Cir. 1977), because it pre-dated *Kokkonen* and failed to provide analysis for its assertion that federal courts have inherent equitable authority to grant such motions. *Lucido*, 612 F.3d at 876. Further, the *Lucido* Court concluded that a more recent Sixth Circuit decision holding courts have inherent authority to consider such motions, *United States v. Carey*, 602 F.3d 738, 740 (6th Cir. 2010), did not constitute binding precent on that point. *Lucido*, 612 F.3d at 876. In *Carey*, the court stated, without citation or discussion, that "[a]n order on a motion to expunge a conviction is within the equitable jurisdiction of a federal district." 602 F.3d at 740. Because of the lack of discussion of the jurisdictional point, the *Lucido* majority did not consider itself bound by the prior ruling in *Carey*. *Lucido*, 612 F.3d at 876–77.

A dissent in *Lucido* agreed with the majority's ultimate conclusions about the ancillary jurisdiction of a district court to consider a motion to expunge and, indeed, found the majority's reasoning compelling. *Id.* at 878 (Batchelder, J., dissenting).

3

The disagreement arose over the procedural question whether the panel in *Lucido* had the authority to disregard *Carey* and *Doe* or establish a different jurisdictional rule. *Id.* at 878–79.

Later, in *Field*, the Sixth Circuit rationalized *Lucido* with prior Circuit precedents. 756 F.3d at 915. In short, that decision recognizes that federal courts have limited ancillary jurisdiction over expungement motions. *Id.* Where such motions raise purely equitable grounds for relief (for example, a movant "alleging that the movant has maintained good conduct and that the record of arrest harms the movant's employment opportunities"), federal courts lack ancillary jurisdiction. But ancillary jurisdiction may extend to motions challenging an unconstitutional conviction or raising a constitutional claim. *Id.* at 915–16.

Against this backdrop, Mr. Bowen's request for expungement presents a somewhat complicated jurisdictional question. On the one hand, the Court agrees with all judges on the *Lucido* panel that the federal courts lack ancillary jurisdiction over a request for expungement—at least on the facts and circumstances presented here. As a general matter, however, where a later decision of one appellate panel conflicts with a prior published decision, the Court is bound by the holding of the earlier case. *See Darrah v. City of Oak Park,* 255 F.3d 301, 310 (6th Cir. 2001). Because the *Lucido* Court held that *Carey* and *Doe* are not controlling precedents on the jurisdictional issue presented, the Court views itself as bound by that ruling—not *Carey* or *Doe*. To the extent there is a question on the matter, *Field* confirms that the Court lacks jurisdiction. Mr. Bowen seeks expungement based solely on equitable

concerns—his good conduct, the harm to his employment opportunities, and interference with his ability to see his grandmother.  These are the same considerations over which the Sixth Circuit in *Field* determined a federal court lacks jurisdiction.  Accordingly, under *Lucido* and *Field*, the Court lacks ancillary jurisdiction to entertain Mr. Bowen's request for expungement and, therefore, must dismiss the motion.

## II.  The Merits of Mr. Bowen's Request

Given the potential for uncertainty over the issue in the law of this Circuit, the Court addresses the merits of Mr. Bowen's request briefly out of an abundance of caution.  Assuming the Court has jurisdiction to consider, in its discretion, whether to grant an expungement, the Court sees no extraordinary circumstances that would justify granting such a request on the record presented.  A federal court, acting within its inherent equitable powers, may order the expungement of criminal records only in an appropriate case.  *United States v. Robinson*, No. 94-1945, 1996 WL 107129, at *1 (6th Cir. 1996) (quoting *Doe*, 556 F.2d at 393).  Although the authority to expunge is discretionary, "expungement power is narrow and appropriately used only in extreme circumstances."  *Id*. at *1–2.  "Federal courts have most readily invoked the expungement power with respect to illegal convictions, convictions under statutes later deemed unconstitutional, and convictions obtained through government misconduct."  *Id*. at *2.  "Conversely, courts have uniformly denied expunction requests regarding valid convictions."  *Id*. (citing cases).

Mr. Bowen does not challenge the validity of his conviction.  Rather, he asserts that expungement will help him further his career and maintain his family ties by

facilitating his international travel.  Although the Court is sympathetic to Mr. Bowen's circumstances, particularly in view of the direction in which he appears to have turned his life and the reasons he says motivated his commission of the offense, his current hardship is not the sort of extreme circumstance warranting the use of the Court's expungement power.  "[E]xpungement typically is not appropriate unless *unwarranted* adverse consequences outweigh the public interest in maintaining criminal records." *United States v. Wiley*, 89 F. Supp. 2d 909, 911 (S.D. Ohio 1999).  To the extent means other than expungement may help alleviate the hardships of which Mr. Bowen complains, the Court encourages him to seek legal assistance.

## CONCLUSION

For the foregoing reasons, the Court **DISMISSES** Mr. Bowen's request for lack of jurisdiction and, alternatively, **DECLINES** to exercise its discretion to expunge Mr. Bowen's conviction because the record shows that this is not an appropriate case in which to do so.

**SO ORDERED.**

Dated:  November 1, 2021

_____
J. Philip Calabrese
United States District Judge
Northern District of Ohio